GRADY J. SLATON V. THE STATE.

No. 15329. Delivered November 2, 1932.
Reported in 53 S. W .(2d) 1024.

The opinion states the case.

*Moore & Wilson,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State..

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

The Plainview high school was burglarized after 7 p. m., October 10, 1931, and some money, rings, and jewelry taken from the safe. Near midnight, G. W. Ford, who lived a block west of the school, observed a car parked on the south side of his house, next to the curb. He reported this fact to the officers, who searched the car and took it to the police station. At 4 a. m., appellant came to the police station and reported that his Chevrolet cabriolet had been stolen from him, stating that he had come to Plainview with two boys, who drove with him to a filling station, where his car was serviced, and that, after his companions had left him, two men had jumped on his car with pistols and forced him to drive out in the country, where they robbed him, put him out and took his car. The car appellant reported as having been stolen from him was the same car the officers had found near Mr. Ford's house. After making his statement to the officers, appellant was placed under arrest and searched. The officers found in his watch pocket a key which fitted the ignition lock to the car, but none of the door keys or the other keys to the car. It appears that at this time the offcers had no knowledge or information that the school house had been burglarized. At the time of his arrest, there was visible on appellant's clothes a whitish powder of some sort, which was not identified as asbestos or in any manner, except that one witness expressed the opinion that it was not talcum powder. Appellant was in possession of some Lucky Strike cigarettes, and there was in his car a box of Firestone Diamond Brand Matches. Mr. Lass, the superintendent of the school, discovered in the afternoon of October 11th that the safe had been broken and the property heretofore mentioned taken from it. On the floor near the safe were some matches, both struck and unstruck, and also some Lucky Strike cigarette stubs. The matches were Firestone Diamond Brand. The inside of the safe door was filled with some sort of white chalky composition, which was identified as being asbestos. The powder from this substance was scattered over the floor. Appellant was not in possession of any of the stolen property, nor was there found in the automobile any of such property. Part of the stolen property was found in the home of Mr. Dement, where it had been taken by Ernest Dement, who testified that he found it close to a telephone pole in an alley behind his house. Later Mr. Lass found more of the stolen property in the same alley. Appellant's car had been found by the officers in this vicinity. It was in evidence that a filling station operator saw three men in the car in question at his station

on Saturday evening prior to the burglary. He was unable to identify any of the parties as appellant. Appellant offered no testimony.

Appellant contends that the evidence is insufficient. The state's attorney before this court expresses the opinion that the circumstances are insufficient to exclude every other reasonable hypothesis except that of the guilt of appellant. We think the circumstances fail to meet the demand of the law. The circumstances in the record raising a suspicion that appellent was the offender do not, in our opinion, meet the test of exclusion. In order to sustain a conviction based on circumstantial evidence, the circumstances must exclude every other reasonable hypothesis except that of the guilt of the accused. Branch's Annotated Penal Code, sec. 1877; Reed v. State, 113 Texas Crim. Rep., 412, 22 S. W. (2d) 456.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.